**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRAVIS PICKENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. A. NO. 26-00046-JB-N** |
| | ) | |
| **ALLYN BULLARD-DAVIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Travis Pickens ("Plaintiff" or "Pickens"), without the assistance of an attorney (*pro se*), filed this action under 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed without prepayment of fees (Doc. 2). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Based on a review of Plaintiff's complaint, the undersigned finds that this action is due to be **DISMSISSED without prejudice** *sua sponte* for lack of subject matter jurisdiction.

### I.     Complaint Allegations.

Plaintiff Pickens is currently incarcerated at Holman Correctional Facility. (Doc. 1 at 4). He claims that he received a legal settlement from the State of Alabama in the amount of $18,500.  He further claims when his lawyer, Terrell McCants, received the settlement funds, he wrongly gave the funds to Pickens's mother, Allyn Bullard-Davis.  Pickens alleges when his mother received the $18,500 on April 1, 2024, she changed her phone number.  Pickens claims his mother has stolen the funds from him and has left him in debt. Pickens requests that this

Court order Allyn Bullard Davis to pay him $18,500, plus 20 percent interest for the two years she has been investing the money and for the pain and suffering caused by her theft. (*Id*. at 7).

## II.     Legal Standard.

Federal courts are courts of limited jurisdiction and may hear types of cases authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).  Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Am. Tobacco Co.,* 168 F.3d. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.; see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The plaintiff bears the burden to identify in the complaint the basis for the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Coupled with this is the court's obligation to liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) ("We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers. Accordingly, we construe [a *pro se* party]'s pleadings liberally." (citation omitted)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69 (quotation omitted).

### III.    Discussion.

Federal courts generally have subject matter jurisdiction in two types of cases: (1) cases that arise under the federal laws, statutes, and treaties of the United States, *see* 28 U.S.C. § 1331, or (2) diversity of citizenship between the parties and an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. Plaintiff Pickens, however, has failed to demonstrate either and, thus, has not satisfied the jurisdictional requirement in § 1331 or § 1332. First, all the parties are Alabama residents, such that there is no diversity of citizenship. Second, Plaintiff asserts that this action is brought under 42 U.S.C. § 1983, which is a federal statute, but Plaintiff has not met set out facts showing that he meets the criteria to proceed under section 1983.

To bring a claim under 42 U.S.C. § 1983, a plaintiff "must show that he or she was deprived of a federal right by a person acting under color of state law." *Jenkins v. Lennar Corp.*, 216 F. App'x 920, 922 (11th Cir. 2007) (quoting *Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1303 (11th Cir.2001) (emphasis added)). Under § 1983, a private party may be viewed as a state actor only in rare circumstances. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "A private party may be viewed as a 'state actor' for § 1983 purposes only if: (1) the state coerced or significantly encouraged the alleged unconstitutional action; (2) the private parties performed a public function that was traditionally the state's exclusive prerogative; or (3) the state became a joint participant because it insinuated itself into a position of interdependence with the private parties." *Id*. (quoting *Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir. 2001)).

Plaintiff names one defendant in his complaint, his mother. Plaintiff has not alleged any facts to establish or indicate that his mother met any conditions listed above to be considered a state actor; nor can the court construe anything from Plaintiff's allegations to suggest state action on any level. Instead, Plaintiff's claims sound in state law – not federal law.

3

Notably, Plaintiff has already filed a case in this Court involving the same incident, against the same defendant, alleging the same essential facts, and requesting the same or similar relief. *See* 25-cv-371-KD-N. The Court explained to Pickens in the previous action that this federal court lacked jurisdiction over his claim because his compliant against his mother was not a constitutional or federal issue, and Pickens's case was dismissed without prejudice. *See* 25-cv-371-KD-N (Docs. 4, 6-7). For these same reasons, the Court, again, recommends dismissal of this current complaint.

To be clear, if Pickens wants to sue his mother for stealing money from him or other tortious conduct, Pickens must file his complaint in an Alabama state court (i.e., the Circuit Court of Baldwin County, Alabama) – not a federal court, like this one (i.e., the United States District Court for the Southern District of Alabama).

### IV.    Leave to Amend.

"Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted." *Walters v. New Mexico*, No. 6:21-cv-1510-WWB-LRH, 2021 WL 5827872, at *4 (M.D. Fla. Nov. 17, 2021) (citing *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam), *report and recommendation adopted*, 2021 WL 5826238 (M.D. Fla. Dec. 8, 2021); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984) (stating that "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly"). However, leave to amend may be denied if an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); *see Walters*, 2021

WL 5827872, at *4 (recommending that complaint be dismissed without prejudice for lack of subject matter jurisdiction but without leave to amend because amendment would be futile).

Here, amendment would be futile, as the court lacks subject matter jurisdiction over the case, and Plaintiff can assert no set of facts to cure this deficiency.

## V.    Conclusion.

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.[1]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for

---

[1]    "If subject-matter jurisdiction does not exist, dismissal must be without prejudice." *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021).

the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **7th** day of **July**, **2026**.

_/s/ KATHERINE P. NELSON_
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

6